Ann T. Rossum (State Bar No. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone:  +1.949.851.3939
Facsimile:   +1.949.553.7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MAURO MEDINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and MFI CREDIT SOLUTIONS,<br><br>　　　　　Defendants. | Case No. SACV13-1208 JVS (JPRx)<br><br>**STIPULATED PROTECTIVE ORDER** |

      IT IS HEREBY STIPULATED by and between Plaintiff Mauro Medina ("Plaintiff"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant MJ Coastal Enterprises d/b/a MFI Credit Solutions ("MJ Coastal") (collectively, "the Parties") through their respective attorneys of record as follows:

      WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit, and other confidential information of Plaintiff.

      THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

      1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

      2.    Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

      3.    To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party who intends to file such papers shall give five court days' notice to the party who designated such materials as "Confidential" so that the designating party has the opportunity to file the application required pursuant to Central District Local Rule 79-5 for such papers to be filed under seal.  The filing party shall cooperate with the designating party to allow the application to be filed along with the Confidential documents or information.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff or other defendants, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure; and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby prohibited from disclosing same to any person except as provided herein, and are further prohibited from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information, or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript. This paragraph does not apply to the Court or its personnel.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential." In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use unless the Court rules otherwise.

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same. In the alternative, upon final termination of this litigation, any party who has received documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including extracts, summaries, or

compilations taken therefrom, but excluding any materials that in the good faith judgment of counsel are work product materials from an individual or entity, shall destroy these documents.

11. <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time in conformity with Local Rule 37. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Parties further stipulate and agree that no party may challenge a confidentiality designation after the litigation has settled or been dismissed.

12. <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order and Local Rule 37-1. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet

and confer process in a timely manner.

13. <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must fully comply with Local Rule 37 and must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof as long as it complies with Local Rule 37. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and Rule 37.

14. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

15. Nothing herein shall affect or restrict the rights of any party with

respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

  16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

  IT IS SO STIPULATED.

Dated: March 10, 2014    Respectfully submitted,

           JONES DAY

           By: */s/ Ann T. Rossum*
             Ann T. Rossum

           Attorney for Defendant
           EXPERIAN INFORMATION SOLUTIONS, INC.

Dated: March 10, 2014    Respectfully submitted,

           TATAR LAW FIRM, APC

           By:*/s/ Stephanie R. Tatar*
             Stephanie R. Tatar

           Attorney for Plaintiff
           MAURO MEDINA

1  Dated: March 10, 2014                    Respectfully submitted,

2                                            SHATFORD LAW GROUP

3

4                                            By: */s/ Adrian Ibarra*
                                                  Adrian Ibarra
5
                                             Attorney for Defendant
6                                            MJ COASTAL ENTERPRISES, INC., d/b/a
                                             MFI CREDIT SOLUTIONS
7                                            MJ COASTAL ENTERPRISES D/B/A
                                             MFI CREDIT SOLUTIONS
8

9

10

11

12  **IT IS SO ORDERED.**

13

14

15  Dated March 14, 2014                    _____
                                             Hon. Jean P. Rosenbluth
16                                           United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A
# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2014.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

///
///
///

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 2014 at _____.

_____
QUALIFIED PERSON